## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARNETTE BOLDEN-PRUITT,
        Appellant,

        v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
CH-0353-16-0431-I-1

DATE: August 1, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Jacqueline Stewart-Harris, Bedford Heights, Ohio, for the appellant.

Thao T. Pham, Saint Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the case to the regional office for further adjudication in accordance with this Remand Order.

¶2 The appellant, a former Mail Processing Clerk, filed the instant appeal alleging that, although she contacted the agency in August 2015 regarding reemployment based upon her full recovery from a compensable injury, the agency improperly failed to respond to her inquiry. Initial Appeal File (IAF), Tab 1. She asserted that this constituted harmful error on the part of the agency and requested a hearing. *Id.*

¶3 The administrative judge informed the appellant of her burden of establishing jurisdiction over her restoration claim. IAF, Tab 4. She informed the appellant that an employee who separated because of a compensable injury, and whose full recovery took longer than 1 year from the date eligibility for compensation began, may establish jurisdiction in a restoration appeal if she nonfrivolously alleges, among other things, that she requested restoration within 30 days after the cessation of Office of Workers' Compensation Programs (OWCP) compensation. *Id.* at 4-5; *see Nixon v. Department of the Treasury*, 104 M.S.P.R. 189, ¶ 11 (2006); 5 C.F.R. §§ 353.301(b), 1201.57(a)(4), (b). She also noted that an employee who recovers from a compensable injury more than 1 year after she was found eligible for OWCP benefits is only entitled to priority consideration for restoration and is not entitled to a position until one is found through the priority consideration process. IAF, Tab 4 at 3; *see Hall v. Department of the Navy*, 94 M.S.P.R. 262, ¶ 17 (2003), *modified on other grounds by Welby v. Department of Agriculture*, 101 M.S.P.R. 17, ¶¶ 14-15 (2006); 5 C.F.R. § 353.301(b).

¶4 The appellant responded to the administrative judge's order, reasserting her prior claims and alleging that the agency violated the applicable collective bargaining agreement (CBA) in failing to respond to her restoration inquiry. IAF, Tab 6. However, she did not address the jurisdictional elements. *Id.* Without holding the appellant's requested hearing, the administrative judge dismissed the

appeal for lack of jurisdiction on the basis of the appellant's failure to nonfrivolously allege that she requested restoration within 30 days after cessation of her OWCP compensation. IAF, Tab 9, Initial Decision (ID).[2] The administrative judge found that the appellant asserted that her benefits ceased in May 2015 but that she did not seek reemployment until August 2015. ID at 3-4.

¶5 The appellant has petitioned for review, the agency has responded in opposition to the appellant's petition, and the appellant has replied. Petition for Review (PFR) File, Tabs 1, 4, 6. In her petition, the appellant challenges the dismissal for lack of jurisdiction because she asserts that the agency never notified her of her appeal rights. PFR File, Tab 1 at 2. She also has attached an August 2016 letter stating that she will be converted to the position of unassigned Career Full Time Clerk, effective Saturday, September 3, 2016, with the ability to bid on certain positions and a December 2016 roster of certain Cleveland-area employees, including the employees' seniority dates and numbers. *Id.* at 4-9.

¶6 An employee who separated because of a compensable injury, and whose full recovery takes longer than 1 year from the date eligibility for compensation began, may establish jurisdiction in a restoration appeal if she nonfrivolously alleges the following: (1) she was separated, absent, or placed in a lower grade job because of a compensable injury; (2) she fully recovered after 1 year; (3) she

---

[2] The administrative judge initially informed the appellant that she was only required to make nonfrivolous allegations of jurisdiction to obtain a hearing on the merits. IAF, Tab 4 at 2. However, in the initial decision, she stated that, if the appellant made a nonfrivolous allegation of jurisdiction, then she would be entitled to a hearing at which she must prove jurisdiction. ID at 2-3. Under the Board's revised regulations, the appellant was only required to make nonfrivolous allegations of jurisdiction to obtain a hearing on the merits. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016); 5 C.F.R. § 1201.57(a)(4), (b). Nevertheless, because she found that the appellant did not make a nonfrivolous allegation of jurisdiction and because we are remanding the appeal for further adjudication, any such error in the initial decision is harmless as it does not prejudice the appellant's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

requested restoration within 30 days after the cessation of OWCP benefits; and (4) the agency violated her reemployment priority rights. *See Nixon*, 104 M.S.P.R. 189, ¶¶ 11-12; 5 C.F.R. §§ 353.301(b), 1201.57(a)(4), (b). First, we find that the appellant has nonfrivolously alleged she was separated because of a compensable injury. She asserted that she was injured on duty and was approved for disability retirement in October 2011. IAF, Tab 5 at 27. Her Postal Service Form 50 further supports her assertion because it indicates that she was separated, effective October 28, 2011, pursuant to a disability retirement and that she was totally disabled for useful and efficient service in her position. *Id.* at 29. Additionally, she indicated in her application for disability retirement that she received OWCP benefits because of a job-related injury beginning on September 4, 2010. *Id.* at 35. Next, the record supports a nonfrivolous allegation that she recovered more than 1 year after her separation because she submitted a doctor's note indicating her full recovery that was dated March 26, 2013. *Id.* at 28. Further, we find that the appellant has nonfrivolously alleged that the agency violated her restoration rights because, although she asserted that she contacted the agency in May 2015, she met with the agency in January 2016 and was not provided priority consideration until September 2016.[3] IAF, Tab 4 at 17-18, 27, Tab 5 at 17-18; PFR File, Tab 1 at 16.

¶7        Regarding the third jurisdictional element, we find that remand is necessary to further develop the issue of whether the appellant has nonfrivolously alleged that the 30-day deadline for requesting restoration may be waived based upon her exercise of due diligence. An employee who recovers from a compensable injury

_____

[3] To the extent that the agency's providing the appellant information about its process for requesting reinstatement in January 2016, or priority consideration effective September 2016, constituted proper relief, this does not render the appeal moot because it is possible that the appellant could have obtained additional priority consideration for the period prior to those dates. IAF, Tab 5 at 17-18; PFR File, Tab 1 at 4; *cf. White v. U.S. Postal Service*, 117 M.S.P.R. 244, ¶¶ 9, 24 (2012) (affirming the administrative judge's dismissal of the appellant's restoration appeal as moot when the agency had provided him with status quo ante relief, including appropriate back pay and benefits).

more than 1 year after she was found eligible for OWCP benefits must typically apply for restoration within 30 days of the cessation of compensation. 5 C.F.R. § 353.301(b). Nevertheless, pursuant to regulation, when an agency separates an employee because of a compensable injury, it has the responsibility to "notify the employee of his or her rights, obligations, and benefits relating to Government employment, including any appeal and grievance rights." 5 C.F.R. § 353.104. Thus, if the agency failed to notify the appellant of the deadline for requesting restoration, the Board may excuse the delay. *See, e.g.*, *Ward v. Department of Veterans Affairs*, 67 M.S.P.R. 425, 429-32 (1995) (finding, in a military restoration appeal, that the agency's failure to notify the appellant of his restoration rights excused the untimeliness of his request for restoration by approximately 3 months); *McKoy v. Department of the Army*, 18 M.S.P.R. 636, 639-40 (1984) (finding, when the appellant sought full restoration approximately 17 months after her recovery and the cessation of benefits, that the request could not be dismissed as untimely because the agency failed to notify the appellant of the 30-day regulatory deadline for applying for restoration and because it did not object to the delay on appeal).[4] However, regardless of the agency's obligation, pursuant to current regulations, "an employee is still required to exercise due diligence in ascertaining his or her rights, and to seek reemployment . . . as soon as he or she is able after a compensable injury." 5 C.F.R. § 353.104; *see Dunklebarger v. Department of the Army*, 67 M.S.P.R. 607, 612 (1995) (quoting 53 Fed. Reg. 857, 859 (Jan. 14, 1988) (stating that the amended regulations requiring an employee to exercise due diligence were added to inform the employee that he or she "has an obligation to use due diligence in ascertaining his or her rights, and to return to duty as soon as he or she is able"). Thus, even if

---

[4] In *Ward* and *McKoy*, the Board applied 5 C.F.R. § 353.106 (1986), a previous version of the regulations that did not require an appellant to exercise due diligence in ascertaining his or her rights. *See Ward*, 67 M.S.P.R. at 430 n.3; *McKoy*, 18 M.S.P.R. at 638.

the agency did not notify the appellant of the 30-day deadline for requesting restoration, she still must demonstrate that she acted diligently in determining her rights to restoration and after she discovered the deadline. *See generally Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶ 13 (2007) (explaining that, regardless of agency notification, an employee is required to exercise due diligence regarding her restoration to duty rights but is not required to demonstrate due diligence in discovering Board appeal rights).

¶8      The appellant asserted both below and on review that the agency did not notify her of the deadline for requesting restoration. IAF, Tab 5 at 27; PFR File, Tab 1 at 2. The agency has not submitted evidence or argument to contradict her contention. PFR File, Tab 4 at 5. However, she was not provided notice of her burden to nonfrivolously allege that she acted diligently in requesting restoration, despite the delay, and she did not do so. Accordingly, we find it necessary to remand the appeal to afford her this opportunity.

¶9      On remand, the administrative judge shall inform the appellant of her burden to nonfrivolously allege that she acted diligently in ascertaining her rights and requesting restoration to duty. If the administrative judge finds that the appellant has made such a nonfrivolous allegation, then she has established jurisdiction, and the administrative judge should afford the appellant her requested hearing on the merits.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.